UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

        Petitioner,                              Case Number 13-10734
                                                                 Honorable David M. Lawson

v.

J.A. TERRIS,

        Respondent,
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Benjamin P. Foreman is a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan. He is serving a sentence imposed by the United States District Court for the Western District of Michigan following his guilty plea to drug and firearms offenses. Before the Court is his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The petitioner raises the following issue:

> Petitioner Foreman firmly argues that the drug statute 21 U.S.C. § 841 as written is an "unconstitutional" exertion of legislative authority violating Separation of Powers; Fifth Amendment, Sixth Amendment; and the Fourteenth Amendment to the U.S. Constitution and therefore entitles Foreman's 20-year drug convictions to be VACATED, thus, to receive an immediate release from federal prison in the case therein.

Pet. at 5-6. The Court has completed a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, and concludes that the petition must be dismissed for several reasons outlined below.

I.

This is not the first post-conviction challenge the petitioner has mounted against his convictions and sentences. His journey began when he pleaded guilty in the Western District of

Michigan to possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and possessing a firearm in furtherance of a drug trafficking crime under a plea agreement. He was sentenced to concurrent prison terms totaling 240 months on the drug convictions and a consecutive term of 60 months for the firearm offense. His appeal to the Sixth Circuit was dismissed because his plea agreement contained a waiver of his appeal rights. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).

The petitioner returned to the district court and filed a motion to vacate sentence under 28 U.S.C. § 2255, which was denied, and his ensuing appeal was dismissed by the Sixth Circuit. *Foreman v. United States*, No. 08-1115, 2010 WL 2854274 (W.D. Mich. July 19, 2010); *app. dism*. No. 10-2415 (6th Cir. June 3, 2011).

The petitioner also separately moved to withdraw his guilty plea. The judge construed the motion as a second or successive motion to vacate sentence and transferred it to the Sixth Circuit for a determination whether it could be filed as a successive motion to vacate sentence. *United States v. Foreman*, No. 06-30, 2010 WL 3273503 (W.D. Mich. Aug. 19, 2010). The Sixth Circuit dismissed the action for want of prosecution. *In Re Foreman,* No. 10-2077 (6th Cir. Oct. 13, 2010).

Around the same time, the petitioner moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), in which he argued that the district court had erred in denying the claims he had raised in his first section 2255 motion. The petitioner also raised additional claims. The judge denied the motion in part and ordered that the additional claims raised should be transferred to the Sixth Circuit as another successive motion to vacate sentence. *Foreman v. United States*, No. 08–1115, 2010 WL 4102544 (W.D. Mich. Oct. 18, 2010).

The Sixth Circuit ruled that the district court should have considered the petitioner's additional claims in the context of the Rule 59(e) motion rather than transferring them to the Sixth Circuit and remanded the case to the district court for consideration of those additional claims. *In Re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, the district court denied the petitioner's remaining claims. *Foreman v. United States*, No. 08–1115 (W.D. Mich. Aug. 14, 2012). The petitioner's appeal of the denial of that motion remains pending in the Sixth Circuit.

II.

That brings us to the present petition. When a petition for a writ of habeas corpus is filed, the district court "must promptly examine it . . . [and] dismiss [it] [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). As mentioned above, there are several reasons why the petitioner is not entitled to relief.

*First*, section 2241 is not the appropriate statute upon which to base the petitioner's constitutional challenge here. That statute may be used by a federal prisoner to challenge the execution of his sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A motion to vacate sentence under 28 U.S.C. § 2255 is the proper way a federal inmate can allege that his sentence was imposed in violation of the federal constitution or laws. *Ibid.* There is an exception to this general rule, but it is narrow and only allows a challenge to a sentence under section 2241 if it appears that the remedy afforded by 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012).

*Second*, the petitioner has not shown — or even alleged — that section 2255 is inadequate to provide relief on the grounds alleged here. That is the petitioner's burden to carry. The mere fact that a prior motion to vacate sentence may have proven unsuccessful does not satisfy that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Denial of a previous section 2255 motion or a procedural bar against bringing one does not suffice, either. *Wooten,* 677 F.3d at 303; *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

*Third*, even if the Court were to consider the merits of the claim, the petition fails. It appears that the conviction resulted from a guilty plea to the drug charges, and the results of the petitioner's subsequent challenges allow the conclusion that the plea proceeding was sound. That, in turn, suggests that the facts the petitioner admitted at the plea hearing established the statutory elements of the offense and justified the penalty. The petitioner contends that the controlled substance statute — 21 U.S.C. § 841 — is facially unconstitutional because it allows delegation of legislative authority to other branches of government. But the Sixth Circuit has found no fault with the statute, provided the record contains enough evidence to allow a fact finder to conclude beyond a reasonable doubt that a defendant is accountable for the drug quantities that trigger the graduated penalties. *See United States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000)). As the First Circuit explained, "[s]ection 841(b) does not require that sentencing judges determine the facts that increase the penalty for the crime beyond the prescribed statutory maximum. Nor does § 841(b) require that such facts be determined by a preponderance of the evidence. The statute is silent as to who makes these findings and under what burden of persuasion. Hence, there is nothing in the statutory language that explicitly defies *Apprendi*."

*United States v. Collazo-Aponte*, 281 F.3d 320, 325 (1st Cir. 2002). Section 841 does not violate the constitutional doctrine of separation of powers.

## III.

The Court concludes that there is no merit to the petition. It is subject to summary dismissal under Rule 4 of the Rules Governing § 2254 Cases. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under section 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), the petitioner need not apply for one with this Court.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                                              s/David M. Lawson  
                                                              DAVID M. LAWSON  
                                                              United States District Judge

Dated:   March 20, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2013.

                                s/Deborah R. Tofil  
                                DEBORAH R. TOFIL